| INN - PROB 22 Rev. 05/04 | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 0755 3:04CR00025 |
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Clarence McKissick | Northern District Of Indiana | **SOUTH BEND** |
| | NAME OF SENTENCING JUDGE | |
| | Robert L. Miller, Jr. | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 10/14/2007 | TO 10/13/2010 |

| OFFENSE UNLAWFUL TRANSPORT OF FIREARMS - ETC. | **JUDGE LINDBERG** **O 8CR    421** **MAGISTRATE JUDGE ASHMAN** |
|---|---|

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE                    Northern District Of Indiana

　　　IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the    Northern District of Illinois [Chicago]                    upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____ *May 13, 2008* _____
*Date*

_____ *(signature)* _____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE        NORTHERN        DISTRICT OF        ILLINOIS

　　　IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

**F I L E D**

MAY 2 3 2008 CM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

MAY 2 1 2008
*Effective Date*

_____ *(signature)* _____
*United States District Judge*

TERMED

## U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (South Bend)
## CRIMINAL DOCKET FOR CASE #: 3:04-cr-00025-RLM All Defendants
## Internal Use Only

Case title: United States of America v. McKissick

Date Filed: 03/15/2004
Date Terminated: 04/24/2007

Assigned to: Judge Robert L Miller Jr

**Defendant (1)**

**Clarence McKissick**
*TERMINATED: 04/24/2007*

represented by **H Jay Stevens - FCD**
Federal Community Defenders Inc - SB/IN
Northern District of Indiana
227 S Main St Suite 100
South Bend, IN 46601
574-245-7393
Fax: 574-245-7394
Email: jay_stevens@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Robert D Truitt - FCD**
Federal Community Defenders Inc - SB/IN
Northern District of Indiana
227 S Main St Suite 100
South Bend, IN 46601
574-245-7393
Fax: 574-245-7394
Email: bob_truitt@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

18:922(g)(1)UNLAWFUL TRANSPORT OF
FIREARMS, ETC.
(1)

**Disposition**

defendant sentenced to a term of imprisonment
of 12 months and 1 day to be followed by a 3
year supervised release term, with conditions

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Highest Offense Level (Terminated)**

**Disposition**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this court
STEPHEN R. LUDWIG, CLERK

5/13/08

None

**Complaints**                                                    **Disposition**

None

---

**Plaintiff**

**United States of America**                 represented by   **Lesley J Miller Lowery - AUSA**
US Attorney's Office - FW/IN
1300 S Harrison Street Room 3128
Fort Wayne, IN 46802
260-422-2595
Fax: 260-426-1616
Email: Lesley.MillerLowery@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2004 | 1 | INDICTMENT as to Clarence McKissick (1) count(s) 1. (sdf, ) (Entered: 03/15/2004) |
| 03/12/2004 | 2 | Arrest Warrant Issued as to Clarence McKissick. (sdf, ) (Entered: 03/15/2004) |
| 11/30/2006 | | (Court only) ***Procedural Interval P2 started on 11/30/06 as to Clarence McKissick (arl, ) (Entered: 12/11/2006) |
| 11/30/2006 | | Arrest of Clarence McKissick in Southern District of Indiana; Indianapolis Division. (slm, ) (Entered: 12/11/2006) |
| 12/06/2006 | 3 | Rule 5(c)(3) Documents Received as to Clarence McKissick (Attachments: # 1 cover letter and certified copy of docket sheet)(sdf, ) (Entered: 12/08/2006) |
| 12/08/2006 | 4 | NOTICE OF HEARING as to Clarence McKissick Arraignment / Detention Hearing set for 12/11/2006 02:00 PM in South Bend before Magistrate Judge Christopher A Nuechterlein. (slm, ) (Entered: 12/08/2006) |
| 12/08/2006 | 5 | ATTORNEY APPEARANCE: Robert D Truitt appearing for Clarence McKissick (Truitt, Robert) (Entered: 12/08/2006) |
| 12/11/2006 | | (Court only) ***Excludable XJ started onn 11/30/06 and stopped on 12/11/06 Clarence McKissick: (arl, ) (Entered: 12/11/2006) |
| 12/11/2006 | 6 | ARRAIGNMENT as to Clarence McKissick (1) held on 12/11/2006 before Judge Christopher A Nuechterlein. Govt appeared by atty Lesley Miller Lowery. Dft appeared with atty Robert Truitt. Lisa Wirick appeared on behalf of U S Probation/Pretrial Services. Defendant enters not guilty plea; Pretrial Motions due by 12/31/2006. (2 day) Jury Trial set for 2/12/2007 09:30 AM in South Bend before Judge Robert L Miller Jr. (Tape #FTR 12/11/2006.) (slm, ) (Entered: 12/11/2006) |
| 12/11/2006 | 7 | ORDER ON DISCOVERY as to Clarence McKissick . Signed by Judge Christopher A Nuechterlein on 12/11/2006. (slm, ) (Entered: 12/11/2006) |
| 12/11/2006 | 8 | DETENTION HEARING as to Clarence McKissick held on 12/11/2006 before Judge Christopher A Nuechterlein. Govt appeared by atty Lesley Miller Lowery. Dft appeared with atty Robert Truitt. Lisa Wirick appeared on behalf of U S Probation/Pretrial Services. Parties proffer evidence as to detention and arguments heard; Defendant REMANDED to custody pending trial. (Tape #FTR 12/11/2006.) (slm, ) (Entered: 12/11/2006) |
| | | |

| 12/12/2006 | 9 | Arrest Warrant Returned Executed on 11/28/06 in case as to Clarence McKissick. (sdf, ) (Entered: 12/18/2006) |
|---|---|---|
| 02/02/2007 | 10 | MOTION to Dismiss on Speedy Trial by Clarence McKissick. (Attachments: # 1 Exhibit A,B, and C)(Truitt - FCD, Robert) (Entered: 02/02/2007) |
| 02/02/2007 | 11 | COURT'S PROPOSED FINAL INSTRUCTIONS TO JURY signed by Judge Robert L. Miller Jr on 2/2/07. (ksc) (Entered: 02/05/2007) |
| 02/06/2007 | 12 | MOTION for Hearing *ON DEFENDANT'S 10 MOTION TO DISMISS* by United States of America as to Clarence McKissick. (Miller Lowery - AUSA, Lesley) Modified to add link on 2/7/2007 (ksc). (Entered: 02/06/2007) |
| 02/06/2007 | 13 | NOTICE OF HEARING ON MOTION in case as to Clarence McKissick(01) in re 12 MOTION for Hearing ON DEFENDANT'S MOTION TO DISMISS: Motion Hearing set for 2/9/2007 01:30 PM in South Bend before Chief Judge Robert L Miller Jr. (arl) (Entered: 02/06/2007) |
| 02/09/2007 | 14 | CHANGE OF PLEA HEARING as to Clarence McKissick held on 2/9/2007 before Chief Judge Robert L. Miller, Jr.; Parties present; defendant placed under oath; defendant advised of penalties and of his trial rights; Guilty Plea entered by Clarence McKissick (1) Count 1 and the court ACCEPTS the guilty plea; defendant remanded to the custody of USM/SB; 10 MOTION to Dismiss on Speedy Trial filed by Clarence McKissick is withdrawn on defendant's oral motion; 12 MOTION for Hearing ON DEFENDANT'S MOTION TO DISMISS filed by United States of America is moot; Govt appeared by atty Lesley Miller-Lowery; Dft appeared with atty Robert Truitt; Peter Sgroi appeared on behalf of U S Probation; Sentencing hearing set for 4/24/2007 10:00 AM in South Bend before Chief Judge Robert L Miller Jr.; jury trial date of 2/12/2007 is hereby VACATED. (Court Reporter D. BOnk.) (arl) (Entered: 02/12/2007) |
| 02/14/2007 | 15 | PLEA AGREEMENT as to Clarence McKissick (Miller Lowery - AUSA, Lesley) (Entered: 02/14/2007) |
| 02/19/2007 | 16 | ATTORNEY APPEARANCE: H Jay Stevens - FCD appearing for Clarence McKissick (Stevens - FCD, H) (Entered: 02/19/2007) |
| 02/26/2007 | 17 | MOTION for Forfeiture of Property by United States of America as to Clarence McKissick. (Miller Lowery - AUSA, Lesley) (Entered: 02/26/2007) |
| 03/02/2007 | 18 | PRELIMINARY ORDER OF FORFEITURE as to Clarence McKissick.. Signed by Judge Robert L Miller Jr on 3/2/07. (sdf) (Entered: 03/02/2007) |
| 03/02/2007 |  | (Court only) ***Motions terminated as to Clarence McKissick: 17 MOTION for Preliminary Order of Forfeiture (motion granted by 18 Order). (ksc) (Entered: 03/05/2007) |
| 03/16/2007 | 19 | Amended MOTION for Forfeiture of Property by United States of America as to Clarence McKissick. (Miller Lowery - AUSA, Lesley) (Entered: 03/16/2007) |
| 03/20/2007 | 20 | AMENDED PRELIMINARY ORDER OF FORFEITURE as to Clarence McKissick.. Signed by Judge Robert L Miller Jr on 3/20/07. (sdf) (Entered: 03/21/2007) |
| 03/20/2007 |  | (Court only) ***Motions terminated as to Clarence McKissick: 19 Amended MOTION for Forfeiture of Property filed by United States of America. (sdf) (Entered: 03/22/2007) |
| 04/24/2007 | 21 | SENTENCING hearing held on 4/24/2007 for Clarence McKissick(1) before Chief Judge Robert L. Miller, Jr.; Parties present; no objections to the presentence report; the court hears from parties prior to sentence; the court accepts the plea agreement; no objections to the proposed sentence; on Count 1 the defendant is sentenced to a term of imprisonment of 12 months and 1 day to be followed by a 3 year supervised release term, with conditions; defendant to pay a $100 special assessment due immdiately and to be made payable to Clerk, U.S. District Court; defendant remanded to the custody of USM/SB; Govt appeared by atty John Maciejczyk; Dft appeared with atty H. Jay Stevens; Kevin |

|  |  | Reed appeared on behalf of U S Probation. (Court Reporter D. Bonk.) (arl) (Entered: 04/25/2007) |
|---|---|---|
| 04/24/2007 | 22 | SENTENCING MEMORANDUM as to Clarence McKissick(01). Signed by Chief Judge Robert L Miller Jr on 4/24/07. (arl) (Entered: 04/25/2007) |
| 04/24/2007 | 23 | JUDGMENT as to Clarence McKissick (1). Signed by Chief Judge Robert L Miller Jr on 4/24/07. (arl) (Entered: 04/25/2007) |
| 04/24/2007 |  | (Court only) ***JS-3 Closing Information Updated ***Case Terminated (arl) (Entered: 04/25/2007) |
| 08/21/2007 | 24 | Judgment Returned Executed as to Clarence McKissick on 8/10/07. (sdf) (Entered: 08/22/2007) |
| 08/22/2007 | 25 | SERVICE by Publication filed by United States of America as to Clarence McKissick. Last publication date 4/12/07. (sdf) (Entered: 08/23/2007) |
| 09/11/2007 | 26 | Final MOTION for Forfeiture of Property by United States of America as to Clarence McKissick. (Attachments: # 1)(Miller Lowery - AUSA, Lesley) (Entered: 09/11/2007) |
| 09/12/2007 | 27 | FINAL ORDER OF FORFEITURE as to Clarence McKissick.. Signed by Judge Robert L Miller Jr on 9/12/07. (sdf) (Entered: 09/13/2007) |
| 05/13/2008 | 28 | Jurisdiction Transferred to Northern District of Illinois (Chicago) as to Clarence McKissick Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement,judgment and docket sheet. (sdf) (Entered: 05/13/2008) |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **INDICTMENT** |
| | ) | |
| v. | ) | 18 U.S.C. § 922(g)(1) |
| | ) | 18 U.S.C. § 924(d)(1) |
| CLARENCE McKISSICK | ) | |

**THE GRAND JURY CHARGES:**

### COUNT 1

On or about June 5, 2003, in the Northern District of Indiana,

**CLARENCE McKISSICK,**

defendant herein, having been convicted and sentenced in 2000 for the crime of

Burglary in Cook County, State of Illinois, a crime punishable by imprisonment for a term

exceeding one year, did knowingly possess, in and affecting interstate commerce, firearms and

ammunition which had previously been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this court
and custody.
STEPHEN R. LUDWIG, CLERK
By.
DEPUTY
5/13/08

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count 1 of this Indictment,

### CLARENCE MCKISSICK,

defendant herein, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) all firearms

and ammunition involved in the commission of the offense, including but not limited to the

following:

1.      One (1) Maverick, 12 gauge, Model 88, Serial Number MV07288J.


A TRUE BILL:


_____

Grand Jury Foreperson


JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY


By:    _____
       Lesley J. Miller Lowery
       Assistant United States Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CR-00025(01)RM |
| | ) | |
| CLARENCE McKISSICK | ) | |

## SENTENCING MEMORANDUM

Clarence McKissick, then already a convicted felon, twice sold cocaine to informants in the spring of 2003. An ensuing search disclosed a shotgun in his apartment. Mr. McKissick has pleaded guilty to a charge of possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). A sentencing court must first compute the guidelines sentence, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Dean, 414 F.3d 725 (7th Cir. 2005). Neither side objected to the presentence report. The court adopts as its own findings ¶¶ 1-69 of the presentence report, specifically including ¶¶ 44-57 concerning the defendant's financial condition and earning ability. The court employs the 2006 version of the sentencing guidelines.

The base offense level for illegal possession of a firearm is 14. U.S.S.G. § 2K2.1. Mr. McKissick's clear acceptance of responsibility produces a final adjusted offense level of 12. U.S.S.G. § 3E1.1(a). Mr. McKissick's prior criminal sentences produce 9 criminal history points, assigning him to criminal history category IV. The sentencing guidelines recommend a sentence of at least 21 and no more than 27 months' imprisonment. U.S.S.G. § 5A.

The parties' plea agreement requires the court to impose a sentence of precisely 12 months and 1 day. FED. R. CRIM. P. 11(c)(1)(C). The court is to determine the sentence pursuant to 18 U.S.C. § 3553, United States v. Booker, 125 S. Ct. 738 (2005), though the guidelines sentence is rebuttably presumed reasonable. United States v. Mykytiuk, 415 F.3d 606 (7th Cir. 2005). The court is to seek a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a).

The advisory guidelines suggest that the stipulated sentence is unreasonably lenient, amounting to slightly more than half of the low end of the recommended range. Closer examination, though, demonstrates reasons for accepting the plea agreement. Six of Mr. McKissick's criminal history points reflect sentences imposed since he possessed these firearms. At the time of Mr. McKissick's offense, he would have been assigned to criminal history category II, and his recommended range would have been 15 to 21 months' imprisonment. Further, one of those post-offense sentences was for the drug dealing that generated the search warrant involved in this case, and state sentencing court could have taken the firearm into account when imposing Mr. McKissick's 10 year sentence.

For these reasons, the court finds the agreed sentence to be reasonable. Mr. McKissick's criminal history makes a 3-year supervised release term reasonable. Mr. McKissick cannot pay the fines required by the guidelines even if afforded the

most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, the court accepts the plea agreement, and it is the judgment of the court that the defendant, Clarence McKissick, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and 1 day.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the fifteen standard conditions of supervised release that have been adopted by this court, and shall comply with the following additional conditions:

1.    the defendant shall submit to one drug urinalysis within 15 days after being released on supervision and two periodic tests thereafter;

2.    the defendant shall not possess a firearm or destructive device;

3.    the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language of Standard Condition # 7; and

4.    the defendant shall participate in a substance abuse treatment program, which may include urine testing, under a co-payment plan

3

that shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

The court recommends that the Bureau of Prisons designate as the place of the defendant's confinement a facility consistent with the defendant's security classification as determined by the Bureau of Prisons and as near as reasonably possible to the defendant's family in Chicago, Illinois.

ENTERED:  __April 24, 2007__


            __/s/ Robert L. Miller, Jr.__
            Chief Judge
            United States District Court


cc:    C. McKissick
       J. Stevens
       L. Miller Lowery
       USM
       USPO

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA    )
    )
    v.    )    CAUSE NUMBER:  3:04-CR-25  RLM
    )
CLARENCE McKISSICK    )

## PETITION TO ENTER A GUILTY PLEA

The defendant above named respectfully represents to the Court as follows:

1.    My full true name is Clarence McKissick, and I request that all proceedings against me be had in the name which I here declare to be my true name.

2.    I was born in the United States of America.  I attended school and have the ability to read, write, and speak the English language.

3.    I am represented by counsel.  My lawyer's name is Robert Truitt.

4.    I have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5.    I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters.  My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By
DEPUTY CLERK
5/13/08

6.     I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7.     I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a)     the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

(b)     the right to be released on reasonable bail until my trial occurs;

(c)     the right to see, hear and cross-examine all the witnesses against me at my trial;

(d)     the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e)     the right to the assistance of counsel at every stage of the proceedings, including upon appeal if need be;

(f)     the right not to testify without prejudice; and,

(g)     that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8.     I understand, also, that if I plead GUILTY, I waive the right to trial by jury the other rights mentioned above.

9.     Notwithstanding the above, I have, with the assistance of counsel, entered into an

agreement with the United States Attorney's Office as follows:

(a)     I agree to plead guilty to the sole count of the Indictment which alleges a

violation of Title 18, United States Code, Section 922(g)(1).

(b)     I agree with the following facts:

1.     On June 5, 2003 a search warrant was executed at my home in Michigan City based upon 2 controlled purchases of narcotics that had been made at my home;

2      At that time, I was found to knowingly be in possession of a firearm;

3.     I was also found to knowingly be in possession of ammunition;

4.     I do not dispute that the firearm recovered from my home was test fired and found function as designed;

5.     I further do no dispute that the firearm recovered from my home was manufactured outside the state of Indiana, and therefore would have traveled in interstate or foreign commerce prior to my possession of it on June 5, 2003.

6.     I also do not dispute that prior to June 5, 2003 I had been convicted in 2000 of the crime of Burglary in Cook county, Illinois.

7.     I do not dispute that Burglary is a crime punishable by a term of imprisonment exceeding one year;

8.     I do not dispute that these events ocurred in the Northern District of Indiana;

3

(c)    I also agree to forfeit to the United States pursuant to 18 U.S.C. § 924(d), all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

       One (1) Maverick, 12 gauge, Model 88, Serial Number MV0728J

(d)    A violation of Title 18, United States Code, Section 922(g)(1), carries the following penalties:

       Maximum Term of Imprisonment: (10) years
       Maximum term of supervised release: 5 years
       Fine: of $250,000
       Mandatory special assessment: $100.00

(e)    I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

(f)    I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence *[and any restitution order imposed]* or the manner in which my conviction or my sentence *[or the restitution order]* was determined or imposed, to any Court on any ground,
including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

(g)    I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, the defendant acknowledges that he has received all discovery required by law prior to the entry of this plea and that he has reviewed the same with his attorney.

4

(h)     I agree to prepare a complete and truthful financial statement under oath, on a form provided by the United States Attorney's Office, and to return the statement to the United States Attorney's Office within ten (10) days of entering a plea of guilty. This statement will be used by the Financial Litigation Unit of the United States Attorney's Office to enforce the court's sentence;

(i)     In further consideration for my plea of Guilty to the sole count of the Indictment, the government, pursuant to the Federal Rules of Criminal Procedure 11(c) agrees to make the following **non-binding** recommendation:

    (1)     The government agrees to make the following recommendation that I receive a two (2) level reduction for acceptance of responsibility pursuant to § 3E1.1(a). The government further agrees to make a motion under § 3E1.1(b) for an additional one (1) level reduction for acceptance of responsibility in the event defendant's applicable offense level is found to be a Level 16 or greater. I understand that the government's obligation to recommend acceptance of responsibility pursuant to this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct such as the personal use of controlled substances, I further understand that the government shall not be bound to recommend the reduction based upon acceptance of responsibility;

    (2)     The above-mentioned agreement to recommend the maximum reduction in offense level for acceptance of responsibility, a sentence at the low end of the applicable guideline range, are **non-binding** recommendations pursuant to Rule 11 (c). The Court is not bound by this recommendation, and the **DEFENDANT IS NOT ENTITLED TO WITHDRAW HIS GUILTY PLEA** if the Court decides not to accept this recommendation;

(j.)     In further consideration for my plea of Guilty to the sole count of the Indictment, the government agrees to make a **binding** recommendation pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) that a sentence of 12 months and 1 day is an appropriate disposition of this case.

(k.)     Other than what is contained in this plea agreement, no predictions, promises or representations have been made to me as to the specific sentence that will be imposed.

10.     I am prepared to state to the Court my reasons based on the facts in this matter

5

that cause me to believe that I am GUILTY as charged.

11.    I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12.    I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13.    I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

/S/ Clarence McKissick
Clarence McKissick
Defendant


/S/ Robert Truitt
Robert Truitt
Attorney for Defendant

APPROVED:

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By:    /S/ Lesley J. Miller Lowery
Lesley J. Miller Lowery
Assistant United States Attorney

6

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | INDIANA |
|---|---|---|

UNITED STATES OF AMERICA

**V.**

CLARENCE McKISSICK

### JUDGMENT IN A CRIMINAL CASE

Case Number:     3:04-CR-00025(01)RM

USM Number:     08423-028

H. Jay Stevens
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)     1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:922(g)(1) and 924(d)(1) | Felon in Possession of a Firearm | 06-05-03 | 1 |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 24, 2007
Date of Imposition of Judgment

/s/ Robert L. Miller, Jr.
Signature of Judge

ROBERT L. MILLER, JR., CHIEF JUDGE
Name and Title of Judge

April 24, 2007
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this court
and cause.
STEPHEN R. LUDWIG, CLERK
By _____
_____ DEPUTY CLERK
5/13/08

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___5___

DEFENDANT:        CLARENCE McKISSICK
CASE NUMBER:    3:04-CR-00025(01)RM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    **twelve (12) months and one (1) day.**

X    The court makes the following recommendations to the Bureau of Prisons:
designate as the place of the defendant's confinement a facility consistent with the defendant's security classification as determined by the Bureau of Prisons and as near as reasonably possible to the defendant's family in Chicago, Illinois.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

   ☐    at _____    ☐ a.m.    ☐ p.m.    on _____ .

   ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐    before 2 p.m. on _____ .

   ☐    as notified by the United States Marshal.

   ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 5 |

DEFENDANT:      CLARENCE McKISSICK
CASE NUMBER:    3:04-CR-00025(01)RM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :      three (3) years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.   The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2.   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.   The defendant shall support the defendant's dependents and meet other family responsibilities.

5.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.   The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7.   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8.   The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10.  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11.  The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15.  The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B *    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___5___

DEFENDANT:        CLARENCE McKISSICK
CASE NUMBER:      3:04-CR-00025(01)RM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not consume alcoholic beverages or any mood altering substances, which condition overrides the no excessive use of alcohol language of Standard Condition #7; and

The defendant shall participate in a substance abuse treatment program, which may include urine testing, under a co-payment plan that shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___5___

DEFENDANT:          CLARENCE McKISSICK
CASE NUMBER:        3:04-CR-00025(01)RM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | **Assessment** | **Fine** | **Restitution** |
|------------|----------------|----------|-----------------|
| **TOTALS** | $  100.00      | $        | $               |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make special assessment payment(s) payable to Clerk, U.S. District Court, 102 Robert A. Grant Federal Building, 204 S. Main Street, South Bend, Indiana 46601. The special assessment shall be due immediately.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| **TOTALS** | $ _____ | $ _____ |
|------------|--------------------|--------------------|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the  ☐  fine  ☐  restitution.

☐  the interest requirement for the  ☐  fine  ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.